JAMES F. SEXTON, SBN. 149632
**THE SEXTON LAW FIRM**
3130 Bonita Road, Suite 104
Chula Vista, CA 91910
Tel: (619) 476-9436
Fax: (619) 476-9258

*FILED*

2008 JUN 23 PM 3: 35

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____Kur_____DEPUTY

Attorney for Plaintiffs, MARGARITA RODRIGUEZ, and MARIA WHITE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA RODRIGUEZ, and MARIA WHITE, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA and DOES 1 through 20, Inclusive, <br><br> Defendants. | CASE NO: <br> **'08 CV 1 1 16 WQH LSP** <br><br> COMPLAINT FOR DAMAGES (NEGLIGENCE AND FRAUD AND DECEIT) |

COMES NOW: Plaintiffs MARGARITA RODRIGUEZ and MARIA WHITE who allege as follows:

    1.    This action arises under the Federal Tort Claims Act, 28 U.S.C § 2671 et seq., and this court has jurisdiction under the provisions of 28 U.S.C. §1346(b).

    2.    Plaintiffs have complied with the claim procedures set forth at 28 U.S.C. §2675. Plaintiffs timely submitted their claims to Department of the Navy, Navy Legal Services office-South West. Written denials of these claims were made. Accordingly, this court has original jurisdiction pursuant to the Federal Tort Claims Act.

/ / /

/ / /

3.      Venue is properly laid in this court because plaintiffs Margarita Rodriguez and Maria White are citizens and residents of San Diego County, California, and the causes of action by which this action is based arose in this county.

4.      Defendants, DOES 1 through 20, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiffs. When the true names and capacities are ascertained, plaintiffs will amend this complaint by inserting their true names and capacities herein. In doing the things hereinafter alleged, Defendants DOES 1 through 20, acted as the agents, servants and employees of their co-defendants, acting within the course and scope of said agency and employment, and with the knowledge, consent, and approval of their co-defendants; their conduct was either authorized in advance or ratified by their co-defendants.

5.      Plaintiffs are informed and believe and therein allege, that at all times herein mentioned, Thomas J. Portz was employed by the United States Navy and was a claims attorney working in his course and scope of employment by the United States of America.

6.      On or about May 13, 2004 at approximately 3:15 p.m. plaintiffs were driving their respective vehicles approaching the guard station entrance at Naval Medical Center-San Diego when anti terrorism security bollards suddenly deployed ahead of them. Neither plaintiff was able to avoid colliding with the bollards causing both plaintiffs to sustain physical injuries and damages.

7.      Timely Tort Claims were initiated by plaintiffs against The Department of the Navy, which was subsequently denied. A letter received by plaintiffs attorney, from Tomas J. Portz, claims attorney for the Department of the Navy dated February 24, 2005 stated: "Examination of the facts indicates that the United States of America is not liable under the Federal Tort Claims Act...for this incident. Federal employees did not cause the damage or injury through negligence in the course and scope of federal employment."

8.      Plaintiffs proceeded under negligence, products liability and strict liability claims against the manufacturer of the bollards, Delta Scientific, based on attorney Portz representations. Litigation was commenced. In the course of discovery, the deposition of Raymond Boggess, Naval Hospital facility manager, was taken on April 16, 2007. Mr. Boggess

COMPLAINT FOR DAMAGES (NEGLIGENCE AND FRAUD AND DECEIT)

1    testified that it was, in fact, he himself who had caused the bollards to deploy while bleeding the

2    system and that Delta Scientific was in no way responsible.

3         9.    Further investigation by attorneys for Delta Scientific uncovered investigation

4    reports performed by The Navy which had not been disclosed to Delta Scientific until just prior

5    to Mr. Boggess deposition, which clearly faulted the Navy for this accident. These investigation

6    reports were clearly available and, were completed prior to Attorney Portz letter of February 24,

7    2005. As a result of Mr. Boggess' deposition testimony, plaintiffs lawsuit against Delta

8    Scientific was dismissed.

9         10.    Plaintiffs are informed and believe that when Attorney Portz, on behalf of the

10   United States of America, wrote his letter he knew his representations about the Federal

11   employees lack of involvement were false and that attorney Portz made these representations

12   with the intent to induce plaintiffs not to file a lawsuit against the United States of America.

13        11.    At the time Attorney Portz' representations were made, plaintiffs were unaware of

14   their falsity, but believed them to be true. Had plaintiffs been aware of the true facts they would

15   have proceeded against the United States of America and not Delta Scientific.

16        12.    As a direct and proximate result of defendant's intentional misrepresentation,

17   plaintiffs were injured in their health and activities and have suffered and will continue to suffer

18   pain and mental anguish in the future and have incurred and will continue to incur, medical

19   expenses, lost earnings and other general damages according to proof at trial.

20        13.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1-12 of

21   this complaint as though fully set forth herein.

22        14.    Defendants, UNITED STATES OF AMERICA and DOES 1-20 are now and at all

23   times mentioned in this complaint had the duty of maintaining and inspecting the anti-terrorist

24   barriers or bollards.

25        15.    On May 13, 2004, on separate instances and times both plaintiffs Margarita

26   Rodriguez and Maria White were driving their respective vehicles through the security guard

27   stall at the entrance to the Naval Medical Center San Diego when the barrier/bollard

28   malfunctioned by popping up suddenly without warning causing each plaintiffs vehicle to collide

- 3 -

COMPLAINT FOR DAMAGES (NEGLIGENCE AND FRAUD AND DECEIT)

forcefully with the barrier/ballard and causing each plaintiff to sustain serious physical injuries as alleged in paragraph 12 of this complaint.

16.    At all times mentioned in this complaint defendants United States of America and Does 1-20 so negligently and carelessly inspected and maintained the barrier/bollard that their were dangerous and unsafe for its intended uses and to persons like plaintiffs.

17.    As a direct and proximate result of the negligence and carelessness of defendants as described above each plaintiff sustained serous injuries and damages according to proof at trial.

Wherefore, plaintiffs demand judgement against Defendants, and each of them for the following:

1.    Margarita Rodriguez: $5,047. for property damage to her vehicle and $25,000. for compensatory damages for her physical injuries and pain and suffering.

2.    Maria White: $7,000. for property damage to her vehicle and $150,000. for compensatory damages for her physical injuries and pain and suffering

3.    Costs in this action

4.    Such other remedies as the Court may deem proper.

5.    Demand for jury trial.


Dated: June 2, 2008                         THE SEXTON LAW FIRM




By: _____
    James F. Sexton
    Attorney for Plaintiffs,
    Margarita Rodriguez and Maria White




- 4 -
COMPLAINT FOR DAMAGES (NEGLIGENCE AND FRAUD AND DECEIT)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Margarita Rodriguez and Maria White | 2008 JUN 23 PM 3: 30<br>United States of American and Does 1 through 20, Inclusive<br>COURT<br>SOUTHERN DISTRICT OF CALIFORNIA |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)  BY  Y. VIX _____ DEPUTY
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
James F. Sexton, SB 149632
THE SEXTON LAW FIRM
3130 Bonita Road, Suite 104
Chula Vista, California 91910

**ATTORNEYS (IF KNOWN)**

'08 CV 11 16 WQH LSP

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)      FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | | | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
28 U.S.C. 2671 et seq. and 1346(b)
Government employee caused anti terrorist barriers to deploy causing injuries to Plaintiffs.

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $ $187,047.00
Check YES only if demanded in complaint:
JURY DEMAND ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):
JUDGE _____ Docket Number

DATE 6/19/08
SIGNATURE OF ATTORNEY OF RECORD

TAC $350  6/23/08  #152142

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)



# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 152192    — TC

## June 23, 2008
## 15:32:46

## Civ Fil Non-Pris
USAO #.: 08CV1116
Judge..: WILLIAM Q HAYES
Amount.:                $350.00 CK
Check#.: BC10120

Total—>  $350.00

FROM: MARGARITE RODRIGUEZ AND
      MARIA WHITE VS. USA DOES 1-20